IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derick Singleton, | ) C/A No. 2:11-01283-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Ben Coakley and Elise Crosby, | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Derick Singleton ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a State Assistant Solicitor and Georgetown County Sheriff's Department investigator as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

The Complaint alleges that "[o]n 12/4/99, Investigator Ben Coakley, did slander, and perjury to common scheme to conspira[c]y in Georgetown, S.C. alon[g] with the Solicitor Elise Crosby to make an illegal arrest. By Filing of false police reports." (ECF No. 1 at 3.)

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Plaintiff indicates that Defendant Coakley's actions led to Plaintiff's "illegal arrest." (Id.) Plaintiff further claims that "the Judge, Solicitor and anyone els[e] who had knowledg[e] of this conspire in a common scheme to cover up all the perjury and wrong doing." (Id.) Defendant Elise Crosby, the Assistant Solicitor that prosecuted Plaintiff's criminal case, allegedly could not "prove every element[] of the crime so she had to lie." (Id. at 4.) Plaintiff also complains that Defendant Crosby "put a jail house informant in [Plaintiff's] cell" and tried to trick Plaintiff into talking with her on the phone. (Id.) The Defendants' actions allegedly resulted in "an illegal arrest, and conviction of an innocent person." (Id.) Plaintiff seeks a new trial "to prove that [he is] innocent" and monetary damages.[2] (Id. at 6.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

---

[2] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, to the extent Plaintiff is attempting to challenge his conviction, he cannot do so under 42 U.S.C. § 1983.

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id., 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post conviction relief ("PCR") application, habeas corpus petition, or otherwise, any civil rights action based on the conviction and related matters will be barred if success on such civil rights action would invalidate the

conviction.[4] Plaintiff clearly indicates that the defendants' actions resulted in Plaintiff being charged with, and convicted of, a criminal offense.[5]  (ECF No. 1 at 4.)  A favorable determination on the merits of the Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid.  While Plaintiff indicates that he has initiated several unsuccessful PCR actions, Plaintiff fails to demonstrate that he has successfully challenged the lawfulness of his confinement.  Therefore Plaintiff's Complaint must be dismissed.

Furthermore, even if Heck did not bar this case, Defendant Assistant Solicitor Elise Crosby would still be entitled to summary dismissal from the action.[6]  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  See S.C. CONST. art. V, § 24; S.C. Code Ann.  § 1-7-310 (1976).  Prosecutors have absolute immunity for activities

---

[4] But see Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir.2008).  In Wilson, a former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was held to be cognizable.  The prisoner was not eligible for habeas relief since his sentence had expired; thus he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.  These circumstances are not present here.

[5] The South Carolina Department of Corrections' records indicate that Plaintiff is currently serving a life sentence for the offense of murder.  Plaintiff was convicted in Georgetown County, South Carolina, and his sentence "start date" is listed as December 5, 1999. See South Carolina Department of Corrections, http://sword.doc.state.sc.us/scdc-public/ (last visited June 7, 2011).

[6] Plaintiff lists the Georgetown County Clerk of Court directly below the name of Defendant Elise Crosby, Assistant Solicitor, in the "parties" section of the Complaint. (ECF No. 1 at 2.)  However, Plaintiff failed to list the Georgetown County Clerk of Court in the caption of the Complaint and failed to provide any facts against this entity in the "statement of claim."  Further, Plaintiff failed to provide separate service documents for the Georgetown County Clerk of Court and lists this entity as the service address on the Form USM-285 submitted for Defendant Elise Crosby.  Thus, it appears that Plaintiff did not intend for the Georgetown County Clerk of Court to appear as a separate defendant in this case.



in or connected with judicial proceedings, such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).  Plaintiff's claims against Defendant Crosby stem from her actions as the prosecuting attorney in Plaintiff's criminal proceedings.  Thus, Plaintiff's claim for damages against this defendant are not cognizable under § 1983 and should be summarily dismissed.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).